UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FELICITA BURGOS,

    Plaintiff,

v.   CASE NO. 6:17-cv-623-Orl-37MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Attorney's Fees ("Motion") (Doc. 26), which is unopposed (*see id.* at 2; Doc. 26-15). Plaintiff makes a timely request for an award of $3,660.17 in attorney's fees pursuant to Section 2412(d) of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and $43.17 in expenses pursuant to 28 U.S.C. § 2412(a)(1). (Doc. 26.) For the reasons stated herein, the undersigned recommends that the Motion be **GRANTED**.

EAJA sets forth the following requirements for the award of fees and costs:

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

> (a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . in any court having jurisdiction of such action.  A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.
> . . .
> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412.  In addition, EAJA limits the parties eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed."  28 U.S.C. § 2412(d)(2)(B).

Plaintiff, having obtained a sentence four reversal of a denial of benefits and remand, is a "prevailing party."  *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).  In light of the lack of opposition to the fees sought, the Court will not find that Defendant's position was substantially justified.  Moreover, there are no special circumstances which would make the award unjust.  In addition, Plaintiff states that her net worth at the time this proceeding was filed was less than $2,000,000.  Thus, an award of attorney's fees under EAJA is appropriate.

In regard to the amount of attorney's fees to be awarded, EAJA requires

that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). In explanation of this standard, EAJA reads:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*

The Motion reflects the following attorney rates for work performed in 2017 and 2018: $195.61 per hour for 1.1 hours by Suzanne Harris, $125.00 per hour for 3 hours by Howard D. Olinsky, and $125.00 per hour for 19.1 hours by Edward A. Wicklund.[2] As some of these rates are higher than the statutory maximum, Plaintiff's firm is seeking a cost of living adjustment. In addition, the paralegals' rate was $75.00 per hour for 9.1 hours expended on this case.[3] Defendant does not object to the requested rates. In light of the lack of opposition, the undersigned finds the hourly rates reasonable and the cost of living adjustment warranted. *See, e.g.*, *Lopez v. Astrue*, No. 8:11-cv-9-T-TGW, 2011 WL 5358713, *2 (M.D. Fla. Oct. 31, 2011) ("The rate of $75.00 per hour appears reasonable for paralegal services in this locality. Further, the defendant

---

[2] Attorneys Olinsky and Wicklund are not admitted to the Bar of the Middle District of Florida.

[3] In *Richlin Security Service Company v. Chertoff*, the Supreme Court held that "a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." 553 U.S. 571, 590 (2008).

has not asserted an objection."). The undersigned also finds reasonable the number of hours spent by Plaintiff's firm on the case. The undersigned thus finds that $3,660.17 ($195.61 x 1.1 hours + $125.00 x 22.1 hours + $75.00 x 9.1 hours) is a reasonable amount for attorney and paralegal fees in this case. The Court further finds that the sum of $43.17 for mailing, via FedEx, the initial case documents to the Clerk is a recoverable expense under EAJA and, in light of the lack of opposition, it should be recovered. *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988) (concluding that postage expenses, among others, are compensable under EAJA).

The parties agree that after the Court awards EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the Government; if the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the Government will accept Plaintiff's assignment of EAJA fees and pay those fees directly to Plaintiff's counsel.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 26**) be **GRANTED**.

2. The Clerk of Court be directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $3,660.17 for attorney and paralegal fees and $43.17 for expenses.

3. The Commissioner be directed to determine whether Plaintiff owes a debt to the government; if the United States Department of the Treasury

determines that Plaintiff does not owe such a debt, the Government be directed to accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel.

      **DONE AND ENTERED** at Jacksonville, Florida, on August 22, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Roy B. Dalton, Jr.
United States District Judge

Counsel of Record