UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FELICITA BURGOS,

       Plaintiff,

v.                                                       CASE NO. 6:17-cv-623-Orl-37MCR

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

       Defendant.
_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Motion for Attorney's Fees Pursuant to the Social Security Act Section 206(b)(1) ("Motion") (Doc. 29), filed by Plaintiff's counsel on November 13, 2019. Plaintiff's counsel makes a timely request for an award of $19,721.12 in attorney's fees pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). (*Id.*) Defendant does not oppose the Motion. (Doc. 29-8.) For the reasons stated herein, the undersigned recommends that the Motion be **GRANTED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

**I.    Background**

On April 7, 2017, Plaintiff filed a Complaint in this Court, appealing the Commissioner's denial of Social Security Disability benefits.  (Doc. 1.)  On May 22, 2018, the Court reversed the Commissioner's decision and remanded the case to the ALJ for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 24.)  On December 10, 2018, the Court granted Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), to the extent it awarded Plaintiff's counsel fees in the amount of $3,660.17, and expenses in the amount of $43.17 pursuant to 28 U.S.C. § 2412(a)(1).  (Doc. 28.)

On remand, the Commissioner issued a decision finding Plaintiff disabled since April 3, 2013.  (Doc. 29-2.)  Pursuant to 42 U.S.C. § 406(b), the Commissioner withheld $29,721.25 from Plaintiff's past-due benefits in the amount of $118,885.00 for the possible payment of attorney's fees.  (Doc. 29-3.)  Plaintiff's counsel now seeks an award of $19,721.12 in attorney's fees pursuant to the contingent fee contract with Plaintiff,[2] less the previously awarded EAJA

---

[2] The contract, which is attached to the Motion, provides in relevant part:
>   I understand that my federal court attorney also has the right to ask the court to award any remaining balance of 25% of my past-due benefits ("406(b) fees") for representing me in federal court. . . . I understand that if the court awards my federal court attorney a fee out of my past-due benefits and also awards an EAJA fee for that same work, my federal court attorney must refund the smaller fee to me.  I understand that the SSA will withhold my past-due benefits and will send any approved fee to my federal court attorney.

(Doc. 29-1 at 2.)

fees and expenses, totaling $3,703.34.[3] (Doc. 29.)

## II. Standard

Under 42 U.S.C. § 406(b), attorneys who secure a favorable result for their clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25 percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

In *Gisbrecht*, the Supreme Court stated:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807.

The first place that the Court should turn to in assessing the reasonableness of a fee is the parties' fee agreement. *Id.* at 808. In conducting its independent check to ensure that a fee is reasonable, the Court may

---

[3] Plaintiff's counsel states that she will be filing a § 406(a) petition for agency work in the amount of $10,000.00. (*See* Doc. 29 at 3.)

appropriately reduce the fee for a number of reasons, including "the character of the representation and the results the representative achieved," any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and/or benefits that "are large in comparison to the amount of time counsel spent on the case." *Id.*

> In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.*

### III. Analysis

The contingency fee contract in this case provides that Plaintiff agreed to pay her counsel 25 percent of her past-due benefits. (Doc. 29-1.) Plaintiff's counsel's request for an award of $19,721.12 is below the statutory maximum because it amounts to 16.6 percent of Plaintiff's past-due benefits for work performed in this Court. Therefore, the contract is presumptively reasonable.

Moreover, there is no reason to reduce the amount of the requested fee. First, with respect to the character of the representation and the results achieved, the Court notes that Plaintiff's counsel provided professional and skilled representation, resulting in a significant award of past due benefits. The Court also finds that counsel promptly prosecuted this case.

4

Further, the Court does not find the requested fee to be disproportionately large in relation to the total amount of time counsel spent on this case (23.2 attorney hours and 9.1 paralegal hours). While counsel's rate in this case equates to $661 per hour[4] (after reimbursement of any EAJA fees and expenses) or $820.63 per hour[5] (before reimbursement of the EAJA fee), such rates are in line with the rates awarded in other contingency fee cases and, therefore, will not lead to a windfall.[6]  *See, e.g.*, *White v. Comm'r of Soc. Sec.*, Case No. 6:09-cv-1208-Orl-28GJK, 2012 WL 1900562, *6 (M.D. Fla. May 2, 2012) (report and recommendation adopted by 2012 WL 1890558) (approving a contingency fee, which amounted to $1,491 per hour, as reasonable under § 406(b)); *Foster v. Astrue*, Case No. 3:08-cv-960-J-12JRK (Doc. 46) (M.D. Fla. Jan. 4, 2012) (adopting a magistrate judge's report and recommendation and approving a contingency fee, which amounted to $1,025.28 per hour, as reasonable under § 406(b)); *Howell v. Astrue*, Case No. 3:06-cv-438-J-MCR (M.D. Fla. Jan. 5, 2009) (finding an hourly rate of $625 reasonable based on a 2.5 multiplier); *McKee v. Comm'r of Soc. Sec.*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, *6-7 (M.D. Fla. Sept. 30, 2008) (approving a contingency fee, which amounted to

---

[4] The Court arrived at this rate as follows: $19,721.12 – $3,703.34 (EAJA) = $16,017.78 – $682.50 (*i.e.*, 9.1 paralegal hours x $75.00 per hour) = $15,335.28 ÷ 23.2 attorney hours = $661 per hour.

[5] The Court arrived at this rate as follows: $19,721.12 – $682.50 (*i.e.*, 9.1 paralegal hours x $75.00 per hour) = $19,038.62 ÷ 23.2 attorney hours = $820.63 per hour.

[6] As the Commissioner has not objected to the instant fee request, this decision should not be viewed as precedent in a case where the rate is contested.

5

$1,100 per hour, as reasonable under § 406(b)); *Watterson v. Astrue*, Case No. 3:06-cv-369-J-HTS, 2008 WL 783634, *1-2 (M.D. Fla. Mar. 21, 2008) (finding a contingency fee, which amounted to $1,089.66 per hour, to be reasonable under § 406(b)); *Vilkas v. Comm'r of Soc. Sec.*, Case No. 2:03-cv-687-FTM-29DNF, 2007 WL 1498115, *2 (M.D. Fla. May 14, 2007) (finding a contingency fee, which amounted to $1,121.86 per hour, to be reasonable under § 406(b)); *Bergen v. Barnhart*, Case No. 6:02-cv-458-Orl-22KRS (Docs. 26, 36) (M.D. Fla. Sept. 21, 2006) (approving a contingency fee translating to an award of $1,116.11 per hour under § 406(b)).

There are no other potential reasons to reduce the fee. Therefore, because the Court finds the contingency fee contract reasonable and because there is no reason to reduce the amount of the requested fee, Plaintiff's attorney should be awarded the requested fee.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (**Doc. 29**) be **GRANTED**, the Commissioner be ordered to pay to Plaintiff's counsel the sum of $19,721.12 for § 406(b) fees out of Plaintiff's past-due benefits, and Plaintiff's attorney be ordered to refund the EAJA award of $3,703.34 to Plaintiff upon receipt of the § 406(b) fees.

2. The Clerk of Court be directed to enter judgment accordingly.

**DONE AND ENTERED** at Jacksonville, Florida, on November 18, 2019.

                                                    MONTE C. RICHARDSON
                                        UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Roy B. Dalton, Jr.
United States District Judge

Counsel of Record